```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STEELWORKERS OF           :    CIVIL ACTION
AMERICA, AFL-CIO/CLC and         :
LEWIS GRIFFIN, GEORGE            :
HEMMERT, GEORGE KEDDIE and       :
JANICE SCOTT                     :
          Plaintiffs,            :
                                 :    No. 05-CV-0039
          vs.                    :
                                 :
ROHM AND HAAS COMPANY, and       :
ROHM AND HAAS COMPANY            :
HEALTH AND WELFARE PLAN,         :
                                 :
          Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                        **August 11, 2008**

Presently before this court is Plaintiffs' Motion to Amend their Complaint (Doc. No. 38), Defendants' Opposition thereto (Doc. No. 40), and Plaintiffs' Reply to Defendants' Opposition (Doc. No. 43). For the reasons below, the Court GRANTS Plaintiffs' Motion to Amend.

**BACKGROUND**

Plaintiffs, United Steelworkers of America, AFL-CIO-CLC ("the Union"), Lewis Griffin, George Hemmert, George Keddie and Janice Scott ("the Individual Plaintiffs"), initiated this action against Defendants Rohm and Haas Company ("the Company") and the Rohm and Haas Company Health and Welfare Plan ("the Plan") on January 5, 2005. Plaintiffs' initial Complaint alleged two

Counts, Count I under the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and Count II under the Employment Retirement Income and Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA") to protect the individual plaintiffs' rights to disability benefits under the Plan.  The parties agreed to litigate Counts I and II separately.  Count I asserted that, in failing to comply with the grievance and arbitration provisions of the Bristol Collective Bargaining Agreement ("CBA"),[1] the Company was in violation of Section 301 of the LMRA, 29 U.S.C. § 185.  The CBA is a collectively bargained package of benefits, including short-term and long-term benefits and/or a disability retirement allowance ("DRA"), which the Union has negotiated over the years and which are subject to the grievance and arbitration procedures outlined in the CBA.  The individual plaintiffs allege that they have applied for and been denied either a DRA or disability benefits, and that each has either fully exhausted any applicable plan claims procedure or that any further attempts to exhaust would have been futile.  After Rohm and Haas failed to respond to the individual plaintiffs' grievances protesting their denial of benefits, the Union demanded that the Company arbitrate the dispute.  The Company refused to take the cases to arbitration and the plaintiffs then filed this lawsuit.  This

---

[1]   Given that the individual plaintiffs are employed at the Rohm and Haas Company site in Bristol, PA and the collective bargaining agreement at issue covers only those individuals working at that site, we hereinafter refer to the agreement as the "Bristol CBA."

2

Court granted Plaintiffs' Motion for Summary Judgment on Count I on September 15, 2006, and found that the issue of Plaintiffs' eligibility for a DRA or disability benefits should be arbitrated.  On April 14, 2008, the Third Circuit reversed that decision and remanded this case with directions to enter judgment in Defendants' favor on Count I and to commence further proceedings on Count II.  Plaintiffs now move to amend their complaint pursuant to Fed R. Civ. P. 15(a), alleging that their proposed First Amended Complaint eliminates Count I in so far as it was dismissed by the Third Circuit and adds detail to the claims of the individual plaintiffs.

## **DISCUSSION**

*I.   Legal Standards*

Fed. R. Civ. P. 15(a) provides:

> A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"[C]ourts have held that grants for leave to amend complaints should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed. R. Civ. P. 15(a) is

3

satisfied." Newark Branch, NAACP v. Harrison, 907 F.2d 1408, 1417 (3d Cir. 1990).  If, however, the amendment would be futile, or if there has been "undue delay, bad faith or dilatory motive on the part of the movant," leave to amend should not be given. In re Council, 2006 U.S. Dist. LEXIS 78685, at *7-8 (E.D. Pa. Oct. 27, 2006) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

*II.  Procedural History*

Count I of Plaintiffs' initial Complaint asserted that, in failing to comply with the grievance and arbitration provisions of the collective bargaining agreements, the Company was in violation of Section 301 of the LMRA, 29 U.S.C. § 185.  In granting Plaintiffs' Motion for Summary Judgment, we had found that the parties intended to incorporate the Plan into the Bristol CBA, and we therefore ordered the Company to arbitrate the disability benefit disputes.  See USW v. Rohm & Haas Co., 2006 U.S. Dist. LEXIS 66480, at *3 (E.D. Pa. Sept. 18, 2006). The Third Circuit subsequently reversed that decision, the issue on appeal being whether the individual plaintiffs' grievances were subject to arbitration under the Bristol CBA.  United Steel Workers of America, AFL-CIO-CLC v. Rohm and Haas Co., 522 F.3d 324, 330 (2008).  The Third Circuit concluded: "Because the Plan provides the basis for the employees' rights to receive

4

disability benefits, these rights cannot be said to result from any agreement entered into between the Union and the Company." Id. at 334.  The Third Circuit found no evidence that the Plan was established or maintained pursuant to the Bristol CBA, and therefore concluded that "the benefits have been provided for under the Plan and initial claims or appeals over the denial of benefits must be submitted through the Plan's procedure, which does not provide for arbitration."  Id. at 335.  The Third Circuit found that, with the exception of the mention of the "Sickness and Accident plan" in Article XIX(3), the Bristol CBA does not contain a reference to disability benefits.  Id. at 329. Furthermore, the Third Circuit found that the Plaintiffs' situation is not contemplated by the "Sickness and Accident plan," and that the CBA does not provide for disability benefits for the named plaintiffs, nor does it provide for arbitration "of a plan administrator's denial of such benefits arising from a separate ERISA plan."  Id. at 334.

*III. Amended Complaint Analysis*

Defendants object to the within motion to amend on the grounds that it, *inter alia,* improperly (1) "retains the pleading elements related to Count I, such as the Union and the Company remaining as parties, the reference to the CBA, the reliance on Article XIX of the CBA and the attachment of CBA excerpts as

5

exhibits, the allegation of a failure to follow the terms of 'the relevant labor agreements,'... and the relief request for a declaration 'that Defendants violated their obligations under the ... labor agreements under which the participants were to receive disability benefits;'" and (2) adds an entirely new claim on behalf of Plaintiff Scott for a DRA that is based on a "fundamental factual inaccuracy."  We consider and address these arguments *seriatim.*

In Count II of their initial complaint, Plaintiffs, moving under Section 502 of ERISA, 29 U.S.C. § 1132, re-alleged and incorporated all of the allegations they set forth under Count I. In paragraph 20 of their initial Complaint Plaintiffs alleged, "as an alternative to Count I above," that Rohm and Haas violated the rights of the Individual Plaintiffs under the governing documents of the Plan.  (Pls. Compl. at 5).  We find that Plaintiffs' proposed First Amended Complaint is therefore consistent with the directives given by the Third Circuit in that it re-states those allegations necessary to state a claim under ERISA Section 502 which had previously been pled in the now-defunct Count I but incorporated into what was then Count II of the original complaint.  The proposed First Amended Complaint, however, now also includes additional facts underlying the claims of and the relief sought by each individual plaintiff and additional terms of the Summary Plan Description, the "Full and

6

Fair" review provisions of Sections 503 and 505 of ERISA, 29 U.S.C. §§ 1133, 1135, and the Department of Labor Regulations, 29 C.F.R. § 2560.503.1.  As it is proper to allow amendments to conform to new facts learned and evidence, we discern no impropriety to the inclusion of these new allegations.

    A.   *Labor Agreements*

Plaintiffs reference "labor agreements" in paragraphs 20, 47(a) and 47(b) of their First Amended Complaint.  We find that these references are merely background allegations that do not in and of themselves form the basis of a separate cause of action. We accept Plaintiffs' argument that the Bristol CBA may be relevant to their ERISA claims, and we do not find that Defendants are prejudiced by Plaintiffs' referencing labor agreements, including the Bristol CBA, as background allegations. (Pls. Reply to Defs. Opp. at 4-5).  However, we caution Plaintiffs that the Third Circuit has clearly rejected the argument that the Bristol CBA is incorporated in the Plan, and has further found that the Bristol CBA does not contemplate Plaintiffs' disability claims.  Plaintiffs may not abuse our granting of this Motion by using their amendments to assert separate causes of action which rely on the Bristol CBA.

    B.   *Parties to Action and DRA Amendment*

We also find that Plaintiffs' Motion to Amend survives Defendants' opposition to the naming of the Union and the Company

7

as parties to this action and to the amendment to Ms. Scott's DRA claim, discussed below.  In the interest of judicial efficiency and of affording both parties adequate opportunity for discovery, we find that these issues would be properly raised in a Motion for Summary Judgment.  If, after discovery is completed, Defendants can marshal sufficient support for their position, we advise Defendants to renew these arguments in a Motion for Summary Judgment.

Plaintiffs do not attempt to join additional parties to this action in their First Amended Complaint.  Defendants' oppose Plaintiff's motion on the grounds that the Company and the Union are not proper parties to this action.  At this time, we reject Defendants' argument that the Union is not a proper party to this action.  See, e.g., Pennsylvania Fed'n, Bhd. of Maint. of Way Employees v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan, 2004 U.S. Dist. LEXIS 1987, at *35 (E.D. Pa. Feb. 4, 2004) (holding that a Union may sue under ERISA associational standing).  In Pennsylvania Federation, this Court applied Judge Posner's reasoning in Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois, 326 F.3d 919, 922 (7th Cir. 2003), where he reasoned, "we do not think that by confining the right to sue under [ERISA's] section 1132(a)(1) to plan participants and beneficiaries Congress intended to prevent unions from suing on behalf of participants.  The union in such a

case is not seeking anything for itself; the real plaintiffs are the plan participants." Plaintiffs argue that the Union here is a party as a representative of its members, including the individual plaintiffs, and not on its own behalf. (Pls. Reply to Defs. Opp. at 3). Defendants do not counter this argument, and applying Pennsylvania Federation, we find the Union to be a proper party.

Furthermore, we also now reject Defendants' argument that the Company is not a proper party to this action. Defendants provide no case support and no specific arguments for this claim. Plaintiffs counter that the Company is the Plan Administrator, and argue correctly that a heightened standard of review is appropriate where a financially interested entity also makes benefit determinations. See Pinto v. Reliance Standard Life Insurance Co., 214 F.3d 377, 379, 393 (3d Cir. 2000) (adopting a "sliding scale" approach in which district courts must "consider the nature and degree of apparent conflicts" in order to "intensif[y] the degree of scrutiny to match the degree of the conflict."). We do not find Defendants' arguments opposing the Union and the Company as parties to this action to be sufficient grounds on which to deny Plaintiffs' motion.

Plaintiffs' First Amended Complaint properly adds facts to Ms. Scott's case which have occurred since the filing of the original complaint. See, e.g., Edwards v. Duane, Morris &

Heckscher LLP, 2004 U.S. Dist. LEXIS 24177, at *32 (E.D. Pa. Nov. 30, 2004) (Rule 15(a) "is meant . . . to amend pleadings when new facts are discovered."). This amendment alleges that Ms. Scott never had an opportunity to apply for a DRA benefit. (Pls. Am. Compl. at paragraphs 39-40). Although Defendants attach a letter which indicates that Ms. Scott's application for a DRA was denied and assert that Ms. Scott never pursued her appeal rights as clearly outlined in the letter in opposition to this claim, we nevertheless believe that the plaintiffs should be given the opportunity to demonstrate that there was a reason for not doing so. Thus, we shall permit amendment at this time with leave to the defendants to re-assert this argument following the close of discovery, if appropriate.

*IV. Conclusion*

We GRANT Plaintiffs Leave to Amend their Complaint because their amendments add new factual allegations and are consistent with the decision of the Third Circuit.

An order follows.

10

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STEELWORKERS OF         :    CIVIL ACTION
AMERICA, AFL-CIO/CLC and       :
LEWIS GRIFFIN, GEORGE          :
HEMMERT, GEORGE KEDDIE and     :
JANICE SCOTT                   :
          Plaintiffs,          :
                               :    No. 05-CV-0039
          vs.                  :
                               :
ROHM AND HAAS COMPANY, and     :
ROHM AND HAAS COMPANY          :
HEALTH AND WELFARE PLAN,       :
                               :
          Defendants.          :
```

## **ORDER**

AND NOW, this 11th day of August, 2008, upon consideration of Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 38), Defendants' Opposition (Doc. No. 40) and Plaintiff's Response thereto (Doc. No. 43), it is hereby ordered that the Motion is GRANTED and Plaintiffs are DIRECTED to file their proposed Amended Complaint within fifteen (15) days of the date of this Order.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER, J.

11